UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
..................................................
UNITED STATES OF AMERICA,

VS.
JOANNE SIMONETTI
..................................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2006 ★
BROOKLYN OFFICE

JUDGMENT INCLUDING SENTENCE

NO.  CR 06-160 (JG)
USM# 73973-053

| James Loonam | Mickey Brymer | Joseph V. Sorrentino, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant **Joanne Simonetti** having pled guilty to count one of the indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| **TITLE AND SECTION** | **NATURE OF OFFENSE** | **COUNT NUMBERS** |
|---|---|---|
| 18USC656 | BANK EMBEZZLEMENT | ONE |

The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

___ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
_X_ **Open counts are dismissed on the motion of the United States.**
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
_X_ **It is ordered that the defendant shall pay to the United States a special assessment of $100.00 which shall be due immediately.**

It is further **ORDERED** that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

NOVEMBER 9, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature    11-16-06
A TRUE COPY ATTEST
DEPUTY CLERK

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of  FORTY-ONE (41) MONTHS.

___ The defendant is remanded to the custody of the United States Marshal.

___ The defendant shall surrender to the United States Marshal for this District.

__X__ The court recommends that the defendant be designated to the Danbury Correctional Facility, if consistent with the Bureau of Prison policy.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    __X__  -12:00 noon. 1/19/07  .
    _X  As notified by the United States Marshal.
    ___ As notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____


Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

United States Marshal

By: _____

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of:   **THREE (3) YEARS.**

**The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.**

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

> _   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

> **THE DEFENDANT SHALL COMPLY WITH THE RESTITUTION ORDER, AND SHALL PROVIDE COMPLETE FINANCIAL DISCLOSURE TO THE PROBATION DEPARTMENT TO MONITOR HER COMPLIANCE.**
> **(FORFEITURE PURSUANT TO THE ATTACHED ORDER)**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------X

UNITED STATES OF AMERICA

    -against-

JOANNE SIMONETTI,

    Defendant.

---------------X

FINAL ORDER
OF FORFEITURE

06-CR-160 (JG)

ORIGINAL

    WHEREAS, on July 18, 2006, defendant JOANNE SIMONETTI pleaded guilty before this Court to an Indictment, charging her with theft of bank funds, in violation of Title 18 U.S.C. § 656, and *inter alia*, agreed to a Forfeiture Money Judgment against the defendant and to forfeit to the United States, pursuant to 18 U.S.C. § 982, the amount of $1,200,000.00 in United States currency which sum of money constitutes the proceeds of the offenses to which she plead guilty or substitute assets; and

    WHEREAS, on July 18, 2006 a Preliminary Order of Forfeiture, agreeing to forfeit $1,200,000.00 in United States Currency was so ordered by this Court and docketed with the Clerk of Court for the Eastern District of New York; and

    WHEREAS, in accordance with Fed. R. Crim. P. 32.2(B)(3), legal notice of publication of the July 18, 2006 Preliminary Order of Forfeiture was made in the *New York Post*, a newspaper of general circulation in the Eastern District of New York, on September 15, September 19 and September 26, 2006;

WHEREAS, apart for the claim of the sole victim bank, Sovereign Bank (f/k/a Independence Community Bank) ("the Bank"), which was resolved by Stipulation of Settlement, Release and Order, dated October 3, 2006; no third party has filed with the Court any petition in connection with these funds; and the time to do so under 21 U.S.C. § 853(n)(2) has expired.

IT IS HEREBY ORDERED AND ADJUDGED that:

1. Pursuant to Fed. R. Crim. P. 32.2(c)(2), the Preliminary Order of Forfeiture, as amended by the October 3, 2006 Order, previously entered by this Court are hereby made a Final Order of Forfeiture.

2. All right title and interest in the real property and premises known as 61 Churchill Avenue, Staten Island, New York is hereby forfeited to the Bank to exercise any right, title or interest it may have to such real property.

3. The sum of up to the amount of not less than $400,000.00 is hereby forfeited to the United States pursuant to 18 U.S.C. § 982.

4. The United States Marshal's Service for the Eastern District of New York is hereby directed to release and dispose of the forfeited funds in accordance with the October 3, 2006 Order of this Court and all applicable laws and rules.

5. Any and all forfeited funds up to the amount of not less than $400,000.00, which forfeited funds are expected to be

received by the Government from the defendant on or before the date of her sentence by the Court, shall be deemed the property of the Bank and shall be released by the United States Marshal's Service for the Eastern District of New York to the Bank in the form of a check made payable to "Hall and Hall, LLP, as counsel for and c/o Sovereign Bank." The United States Attorney's Office for the Eastern District of New York will thereafter be responsible for ensuring such check is delivered to Sovereign Bank's legal counsel." See also October 3, 2006 Order at ¶ 6.

6. The Clerk of Court shall forward three certified copies of this order to the, U.S. Attorney's Office, One Pierrepont Plaza, 16th Floor, Brooklyn, New York 11201.

Brooklyn, New York
Dated: November 9, 2006

SO ORDERED:

s/John Gleeson
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## CRIMINAL MONETARY PENALTIES

<u>COUNT</u>
ONE                       <u>FINE</u>                 <u>RESTITUTION</u>
                                                              $1,667,051.85

DUE IMMEDIATELY AND PAYABLE TO THE CLERK OF THE COURT AT THE QUARTERLY RATE OF $25 WHILE THE DEFENDANT IS IN CUSTODY AT THE MONTHLY RATE OF 25% OF THE DEFENDANT'S NET DISPOSABLE INCOME UPON HER RELEASE, FOR DISTRIBUTION TO SOVEREIGN BANK.
A FORFEITURE OF $1.2 MILLION.

---

### RESTITUTION

____The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

____The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

**TOTALS:** <u>$1,667,051.85</u>

Findings for the total amount of losses are required under Chapters 109A, 110,110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.

DEFENDANT: **JOANNE SIMONETTI**